UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT DEEMER (#120219)

VERSUS                                          CIVIL ACTION

RICHARD BRAZZELL, ET AL                         NUMBER 10-214-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 22, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT DEEMER (#120219)

VERSUS

CIVIL ACTION

RICHARD BRAZZELL, ET AL

NUMBER 10-214-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the petition of Robert Deemer for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Background**

Petitioner pled guilty to one count attempted possession of a firearm by a convicted felon in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on February 14, 2005. Petitioner was sentenced to a four year term of imprisonment. Petitioner did not appeal his conviction or sentence.

Petitioner signed his application for post-conviction relief on January 22, 2007, and it was filed in the state district court on January 31, 2007. On November 14, 2007, the district court denied review. On January 9, 2008, the petitioner sought review in the Louisiana First Circuit Court of Appeal. On March 28, 2008, the Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. Robert Deemer, Jr.*, 2008-0101 (La. App. 1st Cir. 3/28/08). Petitioner sought review by the Louisiana Supreme Court. The Louisiana Supreme court denied review on February 6, 2009.

*State ex rel. Robert Deemer v. State of Louisiana*, 2008-0985 (La. 2/6/09), 999 So.2d 772.

Petitioner filed his petition on January 28, 2010 in the United States District Court for the Western District of Louisiana, and it was transferred to this court on March 26, 2010. Petitioner asserted five grounds for relief: (1) the statute creating the offense for which he was convicted and sentenced is unconstitutional; (2) the district court exceeded its jurisdiction; (3) his conviction was obtained by an unlawful arrest, an illegal search and seizure, and the knowing use of perjured testimony; (4) his plea agreement is an absolute nullity; and, (5) ineffective assistance of trial counsel.

Respondent argued that the petitioner was not "in custody" for the purpose of § 2254(a), his petition is untimely, and all of his grounds for relief have been procedurally defaulted.[1]

No evidentiary hearing is required.

### Applicable Law

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the

---

[1] Record document number 9, Answer to Petition for Writ of Habeas Corpus; record document number 10, supporting memorandum.

2

conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

The time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

**Analysis**

Petitioner's federal habeas corpus application is untimely.[2] Petitioner's conviction became final on March 16, 2005.[3] From the date the petitioner's conviction became final until January 22,

---

[2] It is not necessary to address the respondent's two other arguments.

[3] A motion for appeal must be made no later than 30 days after the rendition of judgment or ruling. La.C.Cr.P. art. 914(B)(1). For the purpose of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review.

3

2007, the date petitioner filed his application for post-conviction relief, 677 days of the limitation period elapsed. By the time the petitioner sought post-conviction relief in the state district court the time limit to file a federal habeas corpus application had already elapsed.[4]

There is no basis for equitable tolling to apply. For equitable tolling to apply, the petitioner must diligently pursue § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that petition of Robert Deemer for a writ of habeas corpus be dismissed with prejudice as untimely, pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, February 22, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Although the entire state court record was not filed, the portions of the state court record produced are sufficient to determine the timeliness of the petitioner's federal habeas corpus application. Moreover, the dates relied upon to determine timeliness are undisputed.

4